NAYLOR v. DAVIS.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

1. NOVATION (§ 13*)—SUBSTITUTION OF DEBTOR—EVIDENCE.

Evidence, in an action on a note given by defendant's father, *held* sufficient to go to the jury on the question whether, in consideration of transfers of property by the father to defendant, he promised the father to pay his debts, including the note.

[Ed. Note.—For other cases, see Novation, Dec. Dig. § 13.*]

2. EVIDENCE (§ 419*)—PAROL EVIDENCE—CONSIDERATION OF DEED.

The consideration of a conveyance, as expressed therein, is not conclusive, but may be the subject of inquiry.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

3. FRAUDS, STATUTE OF (§ 18*)—PROMISE TO DEBTOR TO DISCHARGE DEBT.

The oral promise of a grantee to pay, as part consideration of the conveyance, debts of the grantor, is not a promise to pay the debt of another, within the statute of frauds, but the debt of the promisor.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 27–31; Dec. Dig. § 18.*]

Appeal from Sullivan County Court.

Action by John Naylor, Jr., against William H. Davis, Jr. From a judgment dismissing the complaint, at the close of the evidence, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John D. Lyons, for appellant.
Carpenter & Rosch (Joseph Rosch, of counsel), for respondent.

COCHRANE, J. On February 1, 1894, the father of the defendant made and delivered to the father of the plaintiff a promissory note for the sum of $104.10. The consideration of the note was the purchase price of a wagon. The note has since been assigned to plaintiff. It is the theory of the action that subsequently to the delivery of the note the maker thereof transferred his property to the defendant, and that, as part of the consideration of said transfer, the latter assumed the indebtedness of the former, including the aforesaid note. In the year 1898, the defendant received from his parents a conveyance of certain real estate. The consideration, as expressed in this conveyance, was that he would suitably support them during their lives and suitably bury them when they died. At the same time, defendant also received a quantity of personal property on the farm and in the house thereon. Such personal property included the wagon for which the said note was given. There does not seem to have been any bill of sale or other written evidence of the transfer to defendant of such personal property. In the year 1903, defendant also received from his father a conveyance of other real estate. The consideration, as expressed in this conveyance, was $150 and the assumption of a mortgage on the premises for $320.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is not an unreasonable inference from the entire case that, when the defendant received the said property, his father owed debts outside of the said mortgage indebtedness, and that the defendant did not pay or agree to pay any consideration for the personal property or for the first conveyance of real estate other than his agreement to support his parents, unless plaintiff's contention is correct that the defendant also agreed to pay the indebtedness of his father. Plaintiff's father testified that in the year 1900, before he assigned the note to plaintiff, defendant paid the interest then unpaid on said note and $4.10 on the principal, reducing such principal to $100, and that defendant then told him that he had bought a farm of his father and had agreed with the latter to pay all his debts. By the undisputed evidence of the defendant he had at that time received the first transfer of real estate and said personal property, and he had not paid or agreed to pay anything therefor except for the support and burial of his parents, unless his alleged admission to plaintiff that he was to pay his father's indebtedness was true. A similar admission on the part of defendant to pay his father's indebtedness as a consideration for receiving his property was proved by another witness.

On such evidence it is quite clear that a question was presented for the jury, rather than for the court, as to whether defendant, as part of the consideration of the said transfers to himself, had promised his father to pay his indebtedness, including the note in question. The alleged admissions of defendant were denied, as was also the fact of the alleged agreement between defendant and his father; but such denials affect merely the weight of the evidence, and such evidence should have been weighed by the jury.

It is true that the deeds do not on their face purport to have been given in consideration of the payment by the defendant of his father's indebtedness, but it is elementary that the consideration as expressed in a conveyance is not conclusive, but may be the subject of inquiry. Moreover, the conveyance of the personal property was not in writing, and the consideration thereof has not been stated or explained.

If defendant, as a part of the consideration of the various transfers to himself, promised to pay this indebtedness, it is immaterial whether such promise was written or oral. It is settled that such a promise is not one to pay the debt of another, but to pay the debt of the promisor, and is not within the statute of frauds. Kingsbury v. Earle, 27 Hun, 141; Reynolds v. Lawton, 62 Hun, 596, 17 N. Y. Supp. 432; Mallory v. Gillett, 21 N. Y. 412, 433.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.